No. 25-3091

───────────────────────────────

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

───────────────────────────────

IN RE GOLD RESERVE LTD.,

*Petitioner.*

───────────────────────────────

CRYSTALLEX INTERNATIONAL CORP.,

*Plaintiff-Respondent*,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

*Defendant-Respondent.*

───────────────────────────────

On Petition for Writ of Mandamus to the United States District Court
For the District of Delaware (Wilmington)
In No. 1:17-mc-151-LPS, Honorable Leonard P. Stark

───────────────────────────────

**CRYSTALLEX'S RESPONSE IN SUPPORT OF GOLD RESERVE'S
MOTION TO SEAL UNDER L.A.R. 106.1**

───────────────────────────────

| | |
|---|---|
| Jason W. Myatt | Miguel A. Estrada |
| GIBSON, DUNN & CRUTCHER LLP | *Counsel of Record* |
| 200 Park Avenue | Lucas C. Townsend |
| New York, N.Y. 10166 | GIBSON, DUNN & CRUTCHER LLP |
| (212) 351-4000 | 1700 M Street, N.W. |
| | Washington, D.C. 20036 |
| | (202) 955-8500 |

*Counsel for Plaintiff-Respondent Crystallex International Corp.*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Third Circuit Local Appellate Rule 26.1.1 and Federal Rule of Appellate Procedure 26.1, Crystallex International Corporation states that it has no parent companies and that no publicly-held company holds a 10% or greater ownership interest in Crystallex's shares.

**RESPONSE IN SUPPORT OF MOTION TO SEAL UNDER L.A.R. 106.1**

Pursuant to Federal Rule of Appellate Procedure 27 and Third Circuit Local Appellate Rule 106.1(c)(2), Plaintiff-Respondent Crystallex International Corporation ("Crystallex") respectfully submits this response in support of sealing portions of Petitioner Gold Reserve Ltd.'s ("Gold Reserve") Petition for Writ of Mandamus and Volume V of its Appendix (collectively, the "Designated Materials").[1] Crystallex requests that these materials remain under seal until such time as the district court determines they no longer warrant confidential treatment on the district court docket.

This judicial sale has reached a critical juncture, and the district court that has presided over this matter for nearly a decade is expected to issue its final decision by November 30. *See* D.I. 2505. The sale process has generated a clear winning bidder and a clear loser, and the losing bidder (Gold Reserve) is now seeking disqualification and mandamus in a last-ditch effort to achieve by litigation a victory it failed to achieve on economic terms in a fair and transparent process. The district court is expected to rule on the pending disqualification motions by November 20,

---

[1] The redacted versions of these documents have been filed publicly as D.I. 2474-1, 2474-2, 2474-3, 2474-5, 2474-6, 2474-7, 2454, 2470-1, 2455, 2480, and 2450, and the unredacted versions of these documents have been filed under seal as D.I. 2223, 2345, 2381, 2381-2, 2381-3, 2381-4, 2381-4, 2381-6, 2381-7, 2381-8, 2385, 2386, 2440, 2442, and 2443.

and Crystallex and other sale process parties will, if requested, file responses to Gold Reserve's petition that expose its disingenuousness and lack of merit.

Importantly, the district court should be allowed to complete its work before any materials are unsealed. Gold Reserve, the losing bidder, will have the same opportunity as the Venezuela Parties to appeal in the ordinary course. In the meantime, Gold Reserve remains bound by the protective orders in both the district court and this Court, and should not use the prospect of unsealing in an unmeritorious petition to disrupt the district court's proceeding or gain tactical advantage. The Designated Materials at issue remain subject to a court-ordered Confidentiality Agreement, which protects sensitive commercial information. *See* D.I. 1555, 1556. Crystallex respectfully submits that the Court should maintain the seal until the district court determines that these materials no longer warrant protection. *See, e.g.*, *In re Grand Jury Investigation*, 587 F.2d 598, 602 (3d Cir. 1978) (explaining that challenges to sealing "should in the first instance be addressed by the district court"); *In re Martino*, 2023 WL 7271081, at *1 (3d Cir. Nov. 3, 2023) (denying petition to compel ruling on unsealing because "the case is moving forward in the District Court," and "[m]atters of docket control ... are committed to the sound discretion of the district court"); *see also United States v. Hickey*, 185 F.3d 1064, 1066 (9th Cir. 1999) (dismissing petition to unseal where ongoing proceedings could be affected by disclosure of sensitive information).

## CONCLUSION

Crystallex respectfully requests that this Court continue the seal on the limited information that was redacted from the district court record until such time as the district court determines that the information no longer warrants protection on the district court docket.

November 5, 2025

Jason W. Myatt
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, N.Y. 10166
(212) 351-4000

Respectfully submitted,

/s/ *Miguel A. Estrada*
Miguel A. Estrada
  *Counsel of Record*
Lucas C. Townsend
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

*Counsel for Plaintiff-Respondent Crystallex International Corp.*

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that at least one attorney whose name appears on this Response is a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

November 5, 2025

/s/ *Miguel A. Estrada*
Miguel A. Estrada
  *Counsel of Record*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

# CERTIFICATE OF COMPLIANCE

1.  This Response complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains 530 words, excluding the parts of the Response exempted by Federal Rule of Appellate Procedure 32(f).

2.  This Response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

3.  This Response complies with this Court's Rule 31.1(c) because the document has been scanned with version 7.27.19909.0 of CrowdStrike Falcon Sensor and is free of viruses.

November 5, 2025

/s/ *Miguel A. Estrada*
Miguel A. Estrada
  *Counsel of Record*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 5th day of November, 2025, I caused the foregoing Response in Support of Motion to Seal to be electronically filed with the Clerk of Court for the United States Court of Appeals for the Third Circuit by using the Court's CM/ECF system. I further certify that service was accomplished on all parties via the Court's CM/ECF system.

November 5, 2025

/s/ *Miguel A. Estrada*
Miguel A. Estrada
　*Counsel of Record*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500